Melvin McSPADDEN, Plaintiff,

v.

GENERAL MOTORS CORPORATION, General Motors Corporation (Chevrolet Motor Division), International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 774, Defendants.

No. CIV-85-202C.

United States District Court, W.D. New York.

June 5, 1987.

Nicholas J. Sargent, Sargent & Repka, Buffalo, N.Y., for plaintiff.

Arnold Weiss, Raichle, Banning, Weiss & Halpern, Buffalo, N.Y., for General Motors Corp.

Richard Lipsitz, Lipsitz, Green, Fahringer, Roll, Schuller & James, Stuart M. Pohl, Buffalo, N.Y., for Intern. Union, United Auto, Aerospace and Agricultural Implement Workers of America.

CURTIN, Chief Judge.

Defendants General Motors Corporation [GM] and the local and international unions [Union] now move for reconsideration of this court's March 12, 1987 order (Item 13) denying their motion for summary judgment in this case (*see* Items 16–18, 24), as well as for an order dismissing that portion of plaintiff's complaint which seeks punitive damages (Item 19). Plaintiff opposes both of these motions (Items 21 and 25).

The relevant facts of this case are set out in this court's last order and need not be repeated in detail here. Suffice it to say, plaintiff was dismissed from his job by GM in April of 1984. In the months that followed, he was informed that his grievance was proceeding through various stages of the company's grievance procedure. Plaintiff says he received no definite information in this regard until September 16, 1985, when he received notice that his grievance had been "withdrawn without prejudice to the position of either party." Item 8, Exh. D. Prior to this, on January 12, 1985, plaintiff commenced the instant suit (Item 1).

In reviewing this case at the time of the original motion, this court found that, while "reinstatement of the grievance pursuant to the intra-union procedure would be an adequate remedy in the context of this case" (Item 13, pp. 3–4), this court declined to order that plaintiff exhaust his administrative remedies because such would unreasonably delay plaintiff's opportunity to obtain a judicial hearing on the merits of his claim. *Clayton v. Automobile Workers,* 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). More specifically, this court noted:

In the instant case, the record shows that it took approximately 18 months following the filing of plaintiff's April 4, 1984,

grievance for plaintiff to be formally notified that this grievance had been withdrawn. Item 8, Exh. D. In addition, this court notes that the instant suit was commenced more than two years ago and that the present motion had been pending before this court for a considerable length of time. In light of this history, I believe that it would be inequitable to require plaintiff to exhaust his intra-union remedies before proceeding back to federal court, because to do so would unreasonably delay his opportunity to obtain a judicial hearing on the merits of his claim.

Item 13, p. 4.

Defendants now argue that this court misinterpreted and misapplied the Supreme Court's ruling in *Clayton* in coming to this decision. According to defendants, because this court acknowledged in its last order that the reinstatement of plaintiff's grievance pursuant to the intra-union procedure would be an adequate remedy in the context of this case, this court should have properly dismissed plaintiff's case for failure to exhaust. *Cf., Clayton v. Automobile Workers, supra* at 692–93, 101 S.Ct. at 2096–97. As support for the adequacy of this procedure, defendants indicate that they have entered into a "Reinstatement of Grievance Agreement" to provide plaintiff with a possible reactivation of his grievance after intra-union review or appeal. Item 18, ¶¶ A and B.

Union Attorney Richard Lipsitz has also submitted an affidavit in support of defendants' motion for reconsideration here (Item 24), in which he argues that plaintiff's complaint was prematurely filed in this case because no decision had yet been made whether plaintiff's grievance was going to proceed to arbitration. This decision, as was stated above, was not made until September 16, 1985. Mr. Lipsitz argues that plaintiff's cause of action did not accrue until this later date, *cf., Wozniak v. International Union,* CIV–85–1049C (W.D.N.Y. May 21, 1984), and that defendants' summary judgment motion should be granted on reconsideration.

After further reading of the applicable law and the papers which have been presented here, this court now believes that defendants' position is correct and that they are entitled to summary judgment in the instant case.

As defendants argued during oral argument on May 1, 1987, plaintiff filed this action several months before he learned that his grievance had been withdrawn, at which time plaintiff's claim properly accrued. *Wozniak v. International Union, supra.* While it is true that there was considerable delay between the time of the filing of plaintiff's grievance and the decision to withdraw this grievance, I believe that plaintiff was adequately informed during the intervening months that his grievance was under consideration such that he should have understood that his claim had not yet accrued.

Moreover, this court reiterates its earlier finding that the intra-union procedures available to plaintiff in this case could have provided him with a full remedy on his claim, if it was determined to be meritorious. *Clayton v. Automobile Workers, supra* at 692, 101 S.Ct. at 2096–97. Although this court was informed during oral argument that this procedure could take a number of months to be completed, this court now believes that this procedure cannot be said to constitute an "unreasonable delay" under *Clayton.* In addition, there is no evidence in the record to suggest that plaintiff would face undue hostility at any intra-union proceedings.

Given all of the above, and because this court believes that defendants cannot properly be penalized for the length of time the instant motion has been pending before this court, defendants' motion for summary judgment is hereby granted on reconsideration. Because I so find, I now decline to rule on defendants' outstanding motion to dismiss a portion of plaintiff's complaint. Defendants' motion under Rule 11 of the Federal Rules of Civil Procedure is denied. Plaintiff's complaint is dismissed in all respects.

So ordered.